UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MIZAN ALAM,

        Plaintiff,
v.

21 AVENUE SHELL LLC,
301 PETROLEUM INC,
MOHAMMAD R. ISLAM,

        Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, MIZAN ALAM, brings this action against Defendants, 21 AVENUE SHELL LLC, 301 PETROLEUM INC, and MOHAMMAD R. ISLAM, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff MIZAN ALAM was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. Plaintiff worked in Broward County, Florida.

4. At all times material hereto, Defendant, 21 AVENUE SHELL LLC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of retail gasoline operations, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. At all times material hereto, Defendant, 301 PETROLEUM INC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of retail gasoline operations, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

6. Defendant, MOHAMMAD R. ISLAM, is a resident of Broward County, Florida and was, and now is, a manager of Defendant, 21 AVENUE SHELL LLC, controlled Plaintiff's duties, hours worked, and compensation, and managed the day-to-day operations of 21 AVENUE SHELL LLC. Accordingly, MOHAMMAD R. ISLAM was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

7. Defendant MOHAMMAD R. ISLAM was, and now is, a manager of Defendant, 301 PETROLEUM INC, controlled Plaintiff's duties, hours worked, and compensation, and managed the day-to-day operations of 301 PETROLEUM INC. Accordingly, MOHAMMAD R. ISLAM was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

8. Defendants, 21 AVENUE SHELL LLC and 301 PETROLEUM INC, and the entities Wiles Lyons, LLC, and 1009 Petroleum Inc, are a single enterprise under the Fair Labor Standards Act, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

9. Defendants, 21 AVENUE SHELL LLC and 301 PETROLEUM INC, were joint employers of Plaintiff, under the Fair Labor Standards Act, shared Plaintiff's services, had Plaintiff acting in the interest of each business, and shared common control of Plaintiff.

10. Two or more of Defendants' employees handled tools, supplies, and equipment manufactured outside Florida in furtherance of their business, including but not limited to phones, computers, computer monitors, computer keyboards, computer mice, pens, and paper.

11. Plaintiff MIZAN ALAM worked for Defendants as a cashier and laborer.

12. Defendants failed to pay Plaintiff's full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for certain hours worked over 40 each week.

13. Defendants failed to pay Plaintiff's full and proper minimum wages for certain hours worked during Plaintiff's employment.

14. Attached as Exhibit A is a preliminary calculation of Plaintiff's claims. These amounts may change as Plaintiff engages in the discovery process.

15. Defendants have knowingly and willfully refused to pay Plaintiff's legally-entitled wages.

16. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

17. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

18. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-17 above as if set forth herein in full.

19. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

20.     Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

                Respectfully submitted,

                Koz Law, P.A.
                320 S.E. 9th Street
                Fort Lauderdale, Florida 33316
                Phone: (786) 924-9929
                Fax:    (786) 358-6071
                Email: ekoz@kozlawfirm.com

                */s/ Elliot A. Kozolchyk*
                Elliot Kozolchyk, Esq.
                Bar No.: 74791