UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60369-RUIZ/STRAUSS

MIZAN ALAM,

    Plaintiff,
v.

21 AVENUE SHELL LLC, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

**THIS CAUSE** is before me upon Defendant, 21 Avenue Shell LLC's Motion to Dismiss ("Motion to Dismiss") (DE 25) seeking to dismiss Plaintiff's complaint. The Honorable Rodolfo A. Ruiz II, United States District Judge, referred the Motion to Dismiss to me to take all necessary and proper action as required by law. (DE 35). I have reviewed the Motion to Dismiss, the Response (DE 32), the Reply (DE 37) and the record and am otherwise duly advised in the premises. For the reasons stated below, I respectfully **RECOMMEND** that the Motion to Dismiss be **DENIED**.

**I.**   **BACKGROUND**

This case arises pursuant to Defendants 21 Avenue Shell LLC and 301 Petroleum Inc.'s alleged joint employment of Plaintiff. (DE 1 at ¶9). On February 16, 2021, Plaintiff filed a single-count complaint ("Complaint") alleging violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* and seeking damages in the form of unpaid wages, overtime, liquidated damages, interest, costs and attorney's fees. (DE 1 at ¶¶19-20). Plaintiff seeks these damages from both 21 Avenue Shell LLC and 301 Petroleum Inc., as well as Mohammad R. Islam, whom Plaintiff alleges managed the operations of both entities. *Id*. at ¶¶ 6, 7.

Relevant to Plaintiff's claims, he alleged that Defendants 21 Avenue Shell LLC and 301 Petroleum Inc, along with Wiles Lyons, LLC and 1009 Petroleum Inc, are a single enterprise under the FLSA. *Id.* at ¶8. Furthermore, Plaintiff alleged that Defendants 21 Avenue Shell LLC and 301 Petroleum Inc were joint employers of Plaintiff who shared Plaintiff's services and shared common control of Plaintiff. *Id.* at ¶9.

In the Complaint, Plaintiff alleged that Defendant Mohammad R. Islam was, and is, a manager of Defendant 21 Avenue Shell LLC ("Defendant 21 Ave") who managed its day-to-day operations. (DE 1 at ¶6). Further, Plaintiff alleged that Defendant Islam controlled Plaintiff's duties, hours worked and compensation while Plaintiff worked at Defendant 21 Ave. *Id.* Plaintiff also alleged that Defendant Islam was, and is, a manager of Defendant 301 Petroleum Inc, who managed its day-to-day operations and controlled Plaintiff's duties, hours worked and compensation while Plaintiff worked at Defendant 301 Petroleum Inc. *Id.* at ¶7. Plaintiff alleged that all Defendants were an employer of Plaintiff within the meaning of the FLSA. *Id.* at ¶¶4-6.

Plaintiff alleged that he worked for the Defendants as a cashier and laborer. *Id.* at 11. Plaintiff also alleged that Defendants failed to pay him full and proper overtime wages and minimum wages. *Id.* at 12-13. Plaintiff's Complaint alleged that Defendants owed him a total of $14,827.56 in unpaid overtime and minimum wages for a period beginning on July 17, 2020 and continuing until February 5, 2021. (DE 1; DE 1-3).

The instant Motion to Dismiss was brought by Defendant 21 Ave alone. Indeed, Defendant 21 Ave is the only Defendant to have made an appearance in the case or filed any responsive pleading; a Clerk's Entry of Default was entered against Defendant 301 Petroleum Inc. upon Plaintiff's motion. (DE 31, 33). Defendant 21 Ave seeks dismissal of the Complaint against it or an order to show cause why the case should not be dismissed against it on the basis that Plaintiff

expressed a clear intent not to pursue his claim against it. (DE 25 at ¶¶2, 4-6, p. 2). In support of Defendant 21 Ave's assertion, the Motion to Dismiss attaches a note handwritten by Plaintiff ("Note") displayed below:

> Date 5/8/21
>
> I the plaintiff MIZAN Alam feel ashamed of my action of filing a law suit against Defendant 21 Avenue Shell LLC and i want with draw my complaint against the company 21 AVENUE shell LLC The company does not owe any money g told my lower I want to withdraw the complain but he would not let me This is why I am writing this letter I am sorry all the Inconvenience I have cause
>
> MIZAN Alam
> 954-630-8560
>
> Sincerely
> MIZAN Alam
> 5/8/21

(DE 25-1).

    Plaintiff responds that he was coerced into writing the Note by Defendant Islam. (DE 32 at 2, 7; DE 32-1). Indeed, Plaintiff provides a sworn affidavit that Defendant Islam told him to

3

copy the language in the Note from a separate sheet of paper in Plaintiff's own handwriting under threat of Defendant Islam calling the police if he did not write the Note. (DE 32-1 at ¶6). Further, Plaintiff swears that he does not agree with the language of the Note and that Defendant 21 Ave did not pay him the wages that he earned and is owed. *Id.* at ¶7.

In reply, Defendant 21 Ave attempts to discredit Plaintiff's allegations with the sworn affidavit of an Afrin Momtaj. (DE 37; DE 37-1). Ms. Momtaj swears that she owns Defendant 21 Ave and that she received Plaintiff's handwritten letter from a Mustafizur Rahman. (DE 37-1 at ¶¶2, 5). The reply avers that Mustafizur Rahman received the handwritten note directly from Plaintiff and will testify to this fact, if necessary. (DE 37 at ¶3).

Even so, Defendant 21 Ave fails to provide any legal basis or authority for dismissing it from Plaintiff's Complaint at the pleading stage. Defendant 21 Ave's Motion to Dismiss does not identify under which Federal Rule of Civil Procedure or other principle it is requesting to dismiss the instant action nor which standard of review should be applied to review the Complaint.[1] (DE 25). At best, Defendant 21 Ave surfaces a potential factual dispute as to whether Plaintiff voluntarily wrote the Note on May 8, 2021 indicating an intent not to pursue a cause of action against Defendant 21 Ave. Should Defendant 21 Ave ultimately prove its assertions in this regard, then it may be entitled to relief at that point in time. At the current stage of the proceedings, however, Defendant 21 Ave has not established a legal basis for dismissing it from the instant litigation.

---

[1] Despite innuendo that Plaintiff and/or Plaintiff's Counsel is litigating against Defendant 21 Ave in bad faith, the Motion does not even seek sanctions under Federal Rule of Civil Procedure 11. *See* Fed. R. Civ. P. 11. "Rule 11 sanctions are proper (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith or [for] an improper purpose." *Lehman v. Lucom*, No. 11-23479-CIV, 2012 WL 13059958, at *2 (S.D. Fla. Sept. 17, 2012) (internal quotation marks and citations omitted).

## II.     CONCLUSION

For the foregoing reasons, I respectfully **RECOMMEND** that Defendant 21 Ave's Motion to Dismiss (DE 25) be **DENIED**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

**DONE** and **SUBMITTED** in Fort Lauderdale, Florida, this 4th day of June 2021.

Jared M. Strauss
United States Magistrate Judge

Copies furnished via CM/ECF to:

Hon. Rodolfo A. Ruiz, II

Counsel of record